NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAUN GOURDINE,                :
                               :   Civil Action No. 07-3898 (JLL)
           Plaintiff,          :
                               :
     v.                        :   **OPINION**
                               :
DAVID SANCHEZ,                 :
                               :
           Defendant.          :

**APPEARANCES:**

   SHAUN GOURDINE, Plaintiff Pro Se
   # 192563
   Hudson County Jail
   35 Hackensack Avenue
   Kearny, New Jersey 07032

**LINARES**, District Judge

   Plaintiff Shaun Gourdine, currently confined at the Hudson County Jail in Kearny, New Jersey, seeks to bring this civil action in forma pauperis. Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP"). On August 28, 2007, this Court issued an Order denying plaintiff's IFP application without prejudice, and administratively terminating the action. The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On October 3, 2007, plaintiff submitted a complete IFP application with his six-month prison account statement and a letter request to re-open his case. It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff Shaun Gourdine ("Gourdine") names David Sanchez, a bailbondsman, as a defendant in his Complaint. Gourdine simply alleges that Sanchez "revoke[d] [his] bail for no reason and demand[ed] [that Gourdine] pay the same bail in order to have freedom." It is not clear from the Complaint what form of relief plaintiff is seeking in this action. There is no money demand, nor is there a request to be released from jail.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A complaint may be dismissed for failure to state a claim only if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  ANALYSIS

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331, alleging a claim of extortion against the

defendant Sanchez in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"). See 18 U.S.C. §§ 1962, 1964(a). Gourdine simply states that defendant revoked his bail for "no reason."

Even under the most liberal reading of the Complaint, Gourdine wholly fails to identify an enterprise, or any particular acts of alleged racketeering necessary to support a civil RICO claim. Nor does Gourdine allege any pattern of racketeering activity. Thus, the Complaint is completely devoid of any particularized factual allegations necessary to support the statutory requirements of a RICO claim. Accordingly, because Gourdine does not assert the necessary elements of a civil RICO claim or any factual or legal basis to raise a viable claim under the RICO statute, the Complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Gourdine may seek to re-open this case if he can allege the particularized facts necessary to satisfy the statutory requirements of a civil RICO action.

## IV. CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the Complaint without prejudice at this time for failure to state a claim upon which relief may be granted, pursuant to 28

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate Order follows.

JOSE L. LINARES
United States District Judge

Dated: 11/14/07